JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. MCGEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LEVY RESTAURANTS, COMPASS GROUP USA, INC., and DOES 1-10,<br><br>    Defendants. | Case No. 06-CV-7762 VBF (FMOx)<br><br>[The Hon. Valerie Baker Fairbank]<br><br>**FINAL APPROVAL ORDER AND FINAL JUDGMENT** |

LA 51091339

WHEREAS, the above-referenced action currently is pending before this Court, asserting claims for an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq., claiming that defendant Levy Premium Foodservice Limited Partnership, erroneously named as Levy Restaurants ("LPFLP"), unlawfully printed more than the last five digits of credit/debit card numbers and/or card expiration dates on transaction receipts provided to cardholders at food service facilities operated by LPFLP in California;

WHEREAS, on July 2, 2008, this Court entered an Order preliminarily approving the Settlement of the Action pursuant to a Settlement Agreement, filed as of June 2, 2008, as modified on the record of this Court on October 10, 2008 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and for dismissal of this Action in its entirety with prejudice as against all Released Parties, as defined in the Agreement, upon the terms and conditions set forth therein;

WHEREAS, counsel for the parties appeared before this Court on October 10, 2008, and requested final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement now having been given pursuant to the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and good cause appearing therefore, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All terms and phrases used hereafter in this Final Approval Order and Final Judgment shall have the same meanings ascribed to them in the Agreement, the "Definitions" section of which is attached hereto as Appendix 1 and incorporated herein by reference.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties, including all persons in the Settlement Class.

3. This Court previously gave its preliminary approval of the Settlement. This Court hereby gives its final approval of the Settlement as set forth in the

Agreement, finds that said Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Class Members, and hereby directs that it shall be effectuated in accordance with its terms.  The Court further finds that Plaintiff and Class Counsel are adequate representatives of the Class Members.

4. The Class Members consist of all persons who did not exclude themselves from the Settlement and the Settlement Class, which is defined as:

> All cardholders within the scope of 15 U.S.C. Section 1681c(g) who, between December 4, 2004 and [the date on which the Court entered the Preliminary Approval Order in this Action], were provided a receipt at a food service facility operated by Levy Premium Foodservice Limited Partnership ("LPFLP") or its affiliates in California which printed the expiration date and/or more than the last 5 digits of the credit or debit card number.

5. The Court hereby dismisses the Action in its entirety on the merits and with prejudice as against LPFLP and each and all of its respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, representatives, successors, predecessors-in-interest and all of the aforementioneds' respective officers, directors, partners, predecessors, successors, insurers, employees, associates, shareholders, agents, representatives, trustees, accountants, attorneys, third-party vendors and assigns (the "Released Parties").

6. Plaintiff and all of the Class Members also are deemed to have released the Released Parties from any and all duties, obligations, demands, claims, actions, causes of action, suits, damages, rights or liabilities of any nature and description whatsoever, whether arising under local, state or federal law, whether by Constitution, statute (including, but not limited to, 15 U.S.C. Section 1681c(g), and/or California Civil Code Section 1747.09), tort, contract, common law or equity or otherwise, whether known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent, that have been or could have been asserted in the Action based upon the facts and

circumstances giving rise to the Action, by Plaintiff or the Class Members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf.  Plaintiff and the Class Members are deemed to have released the Released Parties from all claimed or unclaimed compensatory damages, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, punitive and exemplary damages, or any interest, costs or fees arising out of any of the claims asserted or that could have been asserted in the Action, as well as all claims for equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory that was alleged or could have been alleged based on the facts forming the basis for the Action, including but not limited to any and all claims under identity theft statutes, deceptive or unfair practices statutes, or any other statute, regulation or judicial interpretation.

       7.     Plaintiff and each Class Member are deemed to have acknowledged that they may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of these releases, but it is their intention to, and they do hereby, upon the Effective Date, fully, finally and forever settle and release any and all claims set forth in Paragraph 6 above, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiff and each Class Member hereby waive any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each Class Member understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

8. The notice of the Settlement and the other matters set forth in the Agreement given to the Settlement Class pursuant to the Preliminary Approval Order and the Agreement was the best notice practicable, consisting of the Class Notice published in two newspapers of general circulation in the State of California and posted on the settlement website located at www.premiumfoodservicesettlement.com. Said notice provided valid, due and sufficient notice of the Action, and of the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, 28 U.S.C. Section 1715(b), and due process.

9. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over, <u>inter alia</u>: (a) implementation and administration of the Settlement; (b) distribution of vouchers due Class Members under the terms of the Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Agreement and Exhibits thereto until each and every act agreed to be performed by the Parties has been performed.

10. Within 90 days following the Effective Date, the Settlement Administrator shall file with the Court a declaration attesting that the vouchers pursuant to the Agreement have been issued to all Authorized Claimants.

11. The Parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Agreement.

Dated: _October 15, 2008

*Valerie Baker Fairbank*

The Honorable Valerie Baker Fairbank
United States District Court

- 4 -

LA 51091339

APPENDIX 1

<u>DEFINITIONS</u>

The following terms have the meanings specified below:

a. "Action" means and refers to the action entitled <u>McGee v. Levy Restaurants</u>, pending in the United States District Court for the Central District of California, Case No. 06-CV-7762 VBF (FMOx).

b. "Authorized Claimant" means any Class Member (as defined below) who submits a fully-completed and valid Claim Form (as defined below) in a timely manner pursuant to the terms of this Agreement.

c. "Claim Form" means the document substantially in the form attached hereto as Exhibit A.

d. "Class Counsel" means, collectively, J. Mark Moore, Esq. and Ira Spiro, Esq., Spiro Moss Barness LLP, 11277 W. Olympic Blvd., 5th Floor, Los Angeles, California 90064, and Jonathan Shub, Esq., Seeger Weiss LLP, 1515 Market Street, Suite 1380, Philadelphia, Pennsylvania 19102.

e. "Class Member" means a person who falls within the Settlement Class, and who fails to exclude himself or herself within 30 days after the completion of publishing of the Class Published Notice or Class Website Notice (as defined below), whichever is later.

f. "Class Notice" means the "Class Published Notice," which is the published explanation of the settlement that will be provided to the Settlement Class one time each in the Sunday Sports section of the Los Angeles Times and the Oakland Tribune, the form of which is attached hereto as Exhibit A, and the "Class Website Notice," which means the document substantially in the form attached hereto as Exhibit B.

g. "Court" means the United States District Court for the Central District of California.

h.    "Effective Date" means 10 business days following the date when each and all of the following conditions have occurred:

    i.    This Agreement has been signed by Plaintiff, LPFLP, Class Counsel and LPFLP's Counsel;

    ii.    The Preliminary Approval Order has been entered by the Court;

    iii.    The Class Notice, Class Website Notice and Claim Form have been duly provided as ordered by the Court;

    iv.    The Court has entered the Final Approval Order and Final Judgment;

    v.    The Court has dismissed the Action in its entirety against all of the Released Parties with prejudice; and

    vi.    The Final Approval Order and Final Judgment has become Final.

i.    "Final" means the later of: (i) the date on which the Final Approval Order and Final Judgment entered by the Court in connection with this settlement becomes final, i.e., 30 days after the entry of the Final Approval Order and Final Judgment if no appeal is filed; (ii) if an appeal is taken, the date of final affirmance of the Final Approval Order and Final Judgment on such appeal, the rejection of any petition for review (including certiorari) or the expiration of the time for the filing of a petition for review or certiorari in the highest appellate court to which an appeal is or can be taken and, if review is granted, the date of final affirmance following review; or (iii) the final dismissal or filing of a notice of abandonment of any such appeal or of any proceedings on review or certiorari to the highest appellate court to which an appeal is or can be taken.

j.    "Final Approval Order and Final Judgment" means the order substantially in the form attached hereto as Exhibit C.

  k. "LPFLP" means any and all food service facilities operated by Levy Premium Foodservice Limited Partnership and its affiliates in California.

  l. "LPFLP's Counsel" means Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086.

  m. "Parties" means Plaintiff, on behalf of himself and the Settlement Class (as defined below), and LPFLP.

  n. "Preliminary Approval Order" means the order substantially in the form attached hereto as Exhibit D.

  o. "Released Claims" means and includes any and all duties, obligations, demands, claims, actions, causes of action, suits, damages, rights or liabilities of any nature and description whatsoever, whether arising under local, state or federal law, whether by Constitution, statute (including, but not limited to, 15 U.S.C. Section 1681c(g), and/or California Civil Code Section 1747.09), tort, contract, common law or equity or otherwise, whether known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent, that have been or could have been asserted in the Action based upon the facts and circumstances giving rise to the Action, by Plaintiff or the Settlement Class members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf.  Released Claims include, but are not limited to, all claimed or unclaimed compensatory damages, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, punitive and exemplary damages, as well as all claims for equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory that was alleged or could have been alleged based on the facts forming the basis for the Action, including but not limited to any and all claims under identity theft statutes, deceptive or unfair

- 7 -

practices statutes, or any other statute, regulation or judicial interpretation. Released Claims further include interest, costs and fees arising out of any of the claims asserted or that could have been asserted in the Action. Notwithstanding the foregoing, nothing in this Agreement shall be deemed a release of the Parties' respective rights and obligations under this Agreement.

      p.    "Released Parties" means LPFLP and each and all of its respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, representatives, successors, predecessors-in-interest and all of the aforementioneds' respective officers, directors, partners, predecessors, successors, insurers, employees, associates, shareholders, agents, representatives, trustees, accountants, attorneys, third-party vendors and assigns.

      q.    "Settlement Administrator" means a third-party designated in LPFLP's sole discretion, subject to Plaintiff's right to object for good cause.

      r.    "Settlement Class" means all cardholders within the scope of 15 U.S.C. Section 1681c(g) who, between December 4, 2004 and the date on which the Court enters the Preliminary Approval Order in this Action, were provided a receipt at a food service facility operated by Levy Premium Foodservice Limited Partnership or its affiliates ("LPFLP") in California which printed the expiration date and/or more than the last 5 digits of the credit or debit card number.[1]

"Settling Parties" means Plaintiff, the Released Parties and all Class Members.

---

[1] In California, LPFLP operates certain food service facilities at the Staples Center, Dodger Stadium, Hollywood Park, Home Depot Center, Infineon Raceway, Morongo Casino Resort and Spa, NOKIA Theater at L.A. Live, O.L.A. Cathedral and ORACLE Arena.

- 8 -

LA 51091339